**CV 14        4664**

```
---------------------------------x----------------------------
SADIE ROBINSON                    :UNITED STATES DISTRICT COURT
                                  :EASTERN DISTRICT OF NEW YORK
              Plaintiff(s),       :
                                  :    CASE No.:_____
    against                       :
                                  :    CIVIL ACTION
                                  :
                                  :
THE CITY OF NEW YORK,      GARAUFIS, J.      COMPLAINT
JOHN DOE  AND"JANE DOE" 1-12      :    PLAINTIFF DEMANDS
inclusive, the names of the       :    TRIAL BY JURY
last defendants being, fictious
the true names of the defendants AZRACK, M.J.
being unknown to the plaintiff.   :
                                  :
              Defendant(s).       :
---------------------------------x----------------------------
```

TAKE NOTICE, the Plaintiff, Sadie Robinson, hereby appears in this action by her attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Sadie Robinson, by her attorneys, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, and "John Doe" AND "Jane Doe" 1-12, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the

1

deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

2

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.  All conditions precedent to the filing of this action have been complied with. On November 16, 2013, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York,. The plaintiff's claim was assigned the numbers 2013PI030686 by the City of New York's Comptroller's office.

6.  At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.  This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## PARTIES

8.  Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

9.  The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

10.  Defendants John Doe and Jane Doe 1-12, are police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

11.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

3

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.   On or about July 23, 2013, some time between the hours of 4.00PM and 5.00PM the plaintiff, a Seventy-Two year old age pensioner, was relaxing in her apartment located at 455 Fountain Avenue, Brooklyn, New York, when numerous officers employed with the NYPD broke into plaintiff's apartment and unlawfully arrested plaintiff.

13.   That shortly after the defendant officers came into the plaintiff's apartment; the plaintiff was handcuffed and placed under arrest.

14.   That plaintiff was never informed of the reason for her arrest, but after several minutes of being detained in her apartment she was led to a police van outside her apartment, where she was further detained for approximately 45 minutes before being transported to the NYPD 75th Precinct.

15.   That upon arriving at the precinct, the plaintiff was placed in a holding cell for several hours, until she was transported to the Central Bookings Division of the Criminal Court, Kings County.

16.   That upon arrival at the Central Bookings, the plaintiff was placed in a holding pen with numerous other arrestees, until she started feeling ill and was rushed to the hospital.

17.   After being treated at the hospital, plaintiff was returned to the Central Bookings where she remained for several more hours before she was a brought up before a judge.

18.   The plaintiff was arraigned on criminal charges of NY PL 220.03, Criminal Possession of a Controlled Substance.

19.   That plaintiff was released on her own recognizance and made to return to court on at least three occasions, before

4

the matter was adjourned in contemplation of dismissal.

20. The decision to arrest the plaintiff was objectively unreasonable under the circumstances.

21. That while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

22. The factual claim by the defendant officers was materially false and the defendant officers knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.

23. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

24. The plaintiff remained in the detention of the defendants for a second day, and had to return to the court on multiple occasions before the mater was ultimately dismissed. before the plaintiff was released through a side door.

25. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

26. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

27. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

28. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

29. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

30. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

31. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

32. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

33. That the Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

34. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

35. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

36. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

37. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

38. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

39. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

40. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in

general, and caused the violation of plaintiff's rights in
particular.

41. The actions of all defendants, acting under color of State
law, deprived plaintiff of his rights, privileges and
immunities under the laws and Constitution of the United
States; in particular, the rights to be secure in his
person and property, to be free from the excessive use of
force and from malicious prosecution, abuse of process, and
the right to due process.

42. By these actions, defendants have deprived plaintiff of
rights secured by the Fourth, Fifth, and Fourteenth
Amendments to the United States Constitution, in violation
of 42 U.S.C. Section 1983.

43. This action has been commenced within one year and ninety
days after the happening of the event upon which the claim
is based.

## AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

44. By this reference, plaintiff incorporates each and every
allegation and averment set forth in paragraphs 1 through
43 of this complaint as though fully set forth herein.

45. The arrest, detention and imprisonment of the plaintiff was
without just or probable cause and without any warrant or
legal process directing or authorizing the plaintiff's
arrest or subsequent detention.

46. As a result of plaintiff's false arrest and imprisonment,
she has been caused to suffer humiliation, great mental and
physical anguish, embarrassment and scorn among those who
know her, she was prevented from attending to her necessary

9

affairs, and has been caused to incur legal expenses, and have been otherwise damaged in her character and reputation.

47. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

48. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

49. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER
## UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

50. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or her personal property to be searched and/or strip-searched, without any individualized reasonable suspicion that she was concealing weapons or contraband.

52. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

53. The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

54. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:
FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

55. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to her constitutional rights, as more fully set forth above.

57. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of her constitutional rights, despite having had a realistic and reasonable opportunity to do so. As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and her constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

## AS A FOURTH CAUSE OF ACTION: AGAINST ALL DEFENDANTs: FALSE ARREST, FALSE IMPRISONMENT, ANDUNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEWYORK STATE CONSTITUTION

58.  By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59.  The above-described respective false arrest, unlawful search, false imprisonment, and detention of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

66.  As a result of the above-described false arrest, unlawful search, false imprisonment and detention, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know her; was prevented from attending to her necessary affairs, and has been otherwise damaged in her character and reputation.

60.  Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

61.  The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

12

## AS A FIFTH CAUSE OF ACTION: AGAINST EACH AND ALL DEFENDANTS: NEGLIGENCE

62.   Plaintiff repeats and realleges paragraphs 1 through 61 as if each paragraph is repeated verbatim herein.

63.   As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

64.   That by reason of the said negligence, the plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that she will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

65.   This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.


Dated: August 5, 2014
      Brooklyn, New York


                  O'keke& Associates, PC.



                  Patrick O'keke, Esq. (PO-2861)
                  O'keke& Associates, PC.
                  Attorney for Plaintiff
                  801 Franklin Avenue
                  Brooklyn, New York 11238
                  Tel. (718) 855-9595